IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| CLYDE BERGEMANN, INC., <br> d.b.a. ANTHONY-ROSS COMPANY, <br> a Delaware corporation, <br><br>              Plaintiff, <br><br>   vs. <br><br>SULLIVAN, HIGGINS & BRION, PPE <br> LLC, an Alabama limited liability company; <br> CLAY W. BRION, III, an individual; <br> DANIEL RICHARD HIGGINS, an <br> individual; and EUGENE SULLIVAN, <br> an individual, <br><br>              Defendants. | Civil Case No. 08-162-KI <br><br> OPINION AND ORDER |

       Bruce A. Rubin <br>
       Elisa J. Dozono <br>
       Miller Nash LLP <br>
       3400 U. S. Bancorp Towe <br>
       111 S.W. Fifth Avenue <br>
       Portland, Oregon 97204-3699

       Attorneys for Plaintiff

Page 1 - OPINION AND ORDER

S. Ward Greene
Greene & Markley, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, Oregon  97201

      Attorney for Defendants

KING, Judge:

Plaintiff Clyde Bergemann, Inc., d.b.a. Anthony-Ross Company ("ARC") filed this action against three former employees, defendants Clay Brion, Daniel Higgins, and Eugene Sullivan, who left ARC to form a competing company, defendant Sullivan, Higgins & Brion, PPE LLC ("SHB").  ARC alleges that in forming the competitor, defendants committed several torts, violated several statutes, and breached a contract based on the ARC employee handbook sections on confidential information.  Before the court is Defendants' Motion for Order Dismissing Case or Abating Case and Referring Dispute to Mediation and Arbitration (#40).  As explained below, I grant the motion.

## DISCUSSION

Individual defendants Brion, Higgins, and Sullivan ask this court to compel arbitration of the claims alleged against them and abate the claims alleged against defendant SHB pending the results of the arbitration.  Defendants rely on the arbitration provision contained in the 2002 ARC Employee Handbook and argue that later versions do not apply because they did not sign receipts for them.

ARC opposes arbitration being compelled for any of the claims asserted in this case.  It argues that several versions of the employee handbook superseded the 2002 version and that the later versions removed the arbitration policy beginning in 2006, while the defendants still worked

Page 2 - OPINION AND ORDER

for ARC. ARC argues that defendants are charged with the knowledge of the later revisions. It also notes that SHB is not a party to any employee handbook so its claims must be decided by this court. ARC also raises a waiver argument based on defendants' participation in this litigation and late filing of the motion to compel arbitration. Finally, ARC maintains that this court must decide the interim relief sought in the pending motions for sanctions based on alleged spoliation of evidence and for a preliminary injunction. ARC asks me to decide the pending motions prior to deciding whether to compel arbitration.

The threshold question is whether the arbitrability issue is decided by the court or the arbitrator. Defendants argue that recent case law requires the issue to be decided by the arbitrator. ARC contends that the arbitrator only determines the scope of an arbitration provision, not the validity of such an agreement or whether it has been waived. ARC argues that the latter two issues are reserved for the court.

The Federal Arbitration Act (FAA), 9 U.S.C. § 1 et seq., was enacted "to reverse the longstanding judicial hostility to arbitration agreements." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24 (1991). The United States Supreme Court has concluded that the FAA demonstrates a "liberal federal policy favoring arbitration agreements." Id. at 25 (citing Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 24 (1983)).

"The question whether the parties have submitted a particular dispute to arbitration, i.e., the 'question of arbitrability,' is 'an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise.'" Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83, 123 S. Ct. 588 (2002) (quoting AT&T Technologies, Inc. v. Communications Workers, 475 U.S. 643, 649, 106 S. Ct. 1415 (1986) (emphasis added)). "If, however, the court concludes that the

Page 3 - OPINION AND ORDER

parties to the agreement did clearly and unmistakably intend to delegate the power to decide arbitrability to an arbitrator, then the court should perform a second, more limited inquiry to determine whether the assertion of arbitrability is 'wholly groundless.'" Qualcomm Inc. v. Nokia Corp., 466 F.3d 1366, 1371 (Fed. Cir. 2006).

The ARC Employee Handbook dated January 1, 2002 states in part:

> This dispute resolution and arbitration policy . . . applies to the resolution of all potential employment disputes and claims between ARC and any employee or applicant, except for [a claim related to a pension or other employee benefit plan, workers' compensation claims, or unemployment claims]. . . . This policy includes all potential statutory and common law legal claims for which a court otherwise would be authorized to grant relief which arise out of, relate to, or associated with an applicant's or employee's employment with ARC or the termination of that employment.
>
> . . .
>
> If ARC and the employee are unsuccessful resolving the dispute or claim through mediation, the dispute shall be referred to binding arbitration under the following rules.
>
> . . .
>
> Except as otherwise provided in this policy, any arbitration shall be in accordance with the Employment Dispute Resolution Rules of the American Arbitration Association (AAA) as amended or comparable NAA or BBB rules.

Brion Decl. Ex. 1 at 20-21.

ARC updated the employee handbook in March 2002, 2003, 2004, twice in 2006, and twice in 2007. The mediation and arbitration language was deleted in the first 2006 version and all subsequent versions.

Higgins remembers being required to sign the 2002 ARC Employee Handbook. but never signed for any later handbooks. He remembers being generally notified when the handbook was reissued but did not realize that any material provisions were deleted. Higgins was consulted

Page 4 - OPINION AND ORDER

prior to additions or modifications to the substance abuse policy and the policy for the donation of personal time off ("PTO"). He was aware that the current handbook was posted on the company's intranet site but did not know that he was expected to read and understand any revisions that might be posted there.

Sullivan also remembers being required to sign the 2002 ARC Employee Handbook but never signed for any later handbooks. He possibly provided input on the change to the substance abuse and PTO donation policy but was unaware of any other changes. Sullivan was not aware that the current handbooks were posted on the company intranet. He has never accessed the intranet for any reason.

Likewise, Brion remembers being required to sign the 2002 ARC Employee Handbook. He did not remember that this handbook contained an arbitration provision and does not remember being notified that the provision was deleted or that the handbook had been superseded. Brion knew the handbook was posted on the intranet but rarely accessed the handbook.

ARC provided a few emails from all three individual defendants in which they briefly weigh in on the substance abuse policy and PTO donation policy changes.

The AAA rules provide that the "arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." Rubin Decl. Ex. 1 at 7, ¶ 6. Moreover, "[t]he arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract." Id.

Page 5 - OPINION AND ORDER

Qualcomm analyzed the identical AAA rule and concluded that it clearly and unmistakably showed the parties' intent to delegate the issue of determining arbitrability to an arbitrator. Id. at 1373. I agree with this conclusion and thus turn to the question of whether the assertion of arbitrability is wholly groundless.

All agree that the arbitration clause in the 2002 handbook would apply if the handbook had not been superseded in 2006 with a version deleting the arbitration clause. Defendants, however, contend that they had no knowledge of this change. There is no evidence that they signed a receipt for the updated handbook, like they did for the 2002 version. The assertion of arbitrability is not wholly groundless because arbitration must be compelled unless defendants are bound by a change to the handbook when there is no evidence they were aware of the change. This will be a matter of Oregon law which the arbitrator must decide, as well as the waiver argument raised by ARC.

I am unpersuaded by ARC's reliance on First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 115 S. Ct. 1920 (1995). There, the individuals opposing arbitration had never signed an arbitration agreement in their personal capacities. In contrast, ARC and the individual defendants here were required, at least for several years, to resolve disputes in arbitration.

Accordingly, I compel arbitration of ARC's claims alleged against Higgins, Brion, and Sullivan. The arbitrator will rule on the arbitrability of the claims alleged against these defendants and then rule on the merits if the case remains in arbitration. Because SHB was not a party to an arbitration agreement, all claims against it will be stayed pending the outcome of the arbitration and then resolved in this court.

Page 6 - OPINION AND ORDER

The final issue is whether the court or the arbitrator rules on the three motions currently pending: (1) ARC's Motion for Sanction of Default Judgment; (2) ARC's Motion for Leave to File Amended Complaint; and (3) ARC's Motion for a Preliminary Injunction.

The AAA rules give the arbitrator authority to "grant any remedy or relief that would have been available to the parties had the matter been heard in court." Rubin Decl. Ex. 1 at 11, ¶ 32. In Simula, Inc. v. Autoliv, Inc., 175 F.3d 716 (9th Cir. 1999), the court held that the district court did not abuse its discretion in denying plaintiff's request for a preliminary injunction prior to compelling arbitration. The reason was because the arbitration tribunal's rules allowed the tribunal to order any interim measure it deemed appropriate. Id. at 725. Thus, I have discretion to send the pending motions to arbitration.

The rulings on the motion for sanctions, based on the alleged spoliation of evidence, and the motion to amend the complaint will greatly affect the trial of the merits of the case. The motion for a preliminary injunction will require a preliminary ruling on the merits. Because the arbitrator will be making the decision on the merits, assuming the arbitrator determines that he has jurisdiction, I conclude that the arbitrator should also rule on these pending motions.

///

///

///

Page 7 - OPINION AND ORDER

## CONCLUSION

Defendants' Motion for Order Dismissing Case or Abating Case and Referring Dispute to Mediation and Arbitration (#40) is granted as explained above. The case here will be stayed to allow for later resolution of the claims against SHB. I deny as moot ARC's Motion for Sanction of Default Judgment (#25), ARC's Motion for Leave to File Amended Complaint (#63), and ARC's Motion for a Preliminary Injunction (#6) in this court. I will renew these motions as necessary if the arbitrator determines that he does not have jurisdiction. The parties are to file a status report every four months and ask the court for a status conference once proceedings before the arbitrator are finished.

IT IS SO ORDERED.

Dated this     14th     day of May, 2008.

                                                    /s/ Garr M. King
                                                  Garr M. King
                                                  United States District Judge