FILED'08 SEP 18 11:22USDC-ORP

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

CLYDE BERGEMANN, INC.,     )
d.b.a. ANTHONY-ROSS COMPANY,   )
a Delaware corporation,       )
                      )
         Plaintiff,    )    Civil Case No. 08-162-KI
                      )
     vs.           )    OPINION AND ORDER
                      )
SULLIVAN, HIGGINS & BRION, PPE   )
LLC, an Alabama limited liability company; )
CLAY W. BRION, III, an individual;    )
DANIEL RICHARD HIGGINS, an     )
individual; and EUGENE SULLIVAN,   )
an individual,             )
                      )
         Defendants.   )
                      )

    Bruce A. Rubin
    Elisa J. Dozono
    Miller Nash LLP
    3400 U. S. Bancorp Towe
    111 S.W. Fifth Avenue
    Portland, Oregon 97204-3699

        Attorneys for Plaintiff

Page 1 - OPINION AND ORDER

S. Ward Greene
Gary L. Blacklidge
Sanford R. Landress
Greene & Markley, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, Oregon  97201

      Attorney for Defendants

KING, Judge:

On May 15, 2008, I sent to arbitration the claims alleged by Clyde Bergemann, Inc., d.b.a. Anthony-Ross Company ("ARC") against the individual defendants and stayed the claims alleged against Sullivan, Higgins & Brion, PPE LLC pending the outcome of the arbitration.  The threshold issue was whether the 2002 ARC Employee Handbook, which contains an arbitration clause, applies or whether it was superseded by later versions of the handbook that deleted the arbitration clause.  I based my decision on Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 123 S. Ct. 588 (2003) and Qualcomm Inc. v. Nokia Corp., 466 F.3d 1366 (Fed. Cir. 2006).

ARC asks me to reconsider my decision based on the recent case Cox v. Ocean View Hotel Corp., 533 F.3d 1114 (9th Cir. 2008), which discusses Howsam at length.  ARC argues that Howsam is inapplicable to whether the parties are bound by an arbitration clause.  It contends that under Cox, the court must decide if there is an agreement to arbitrate and, if so, whether defendants waived the right to arbitrate.

I disagree with ARC's contention that the dispute at issue is the validity of the arbitration provision contained within the 2002 Employee Handbook.  I find that the dispute is whether the 2002 ARC Employee Handbook applies or whether it was superseded by later versions of the handbook that deleted the arbitration provision.  Thus, ARC is challenging the contract's

Page 2 - OPINION AND ORDER

validity, and this is "considered by the arbitrator in the first instance." <u>Cox</u>, 533 F.3d at 1119

(citing <u>Buckeye Check Cashing, Inc. v. Cardegna</u>, 546 U.S. 440, 444, 126 S. Ct. 1204 (2006)).  I

affirm my decision to send the claims alleged against the individuals to arbitration and to have

the arbitrator determine which Handbook applies.

ARC also argues that <u>Cox</u> requires me to address whether defendants waived their right

to compel arbitration.  <u>Cox</u> addressed a waiver argument after holding that a court should

exercise jurisdiction over claims raising defenses existing at law or in equity for the revocation of

the arbitration clause itself.  <u>Id.</u> at 1120.  Along with the Honorable Diarmuid F. O'Scannlain in

his dissent, I have trouble harmonizing this <u>Cox</u> holding with <u>Howsam</u>: "The Supreme Court in

<u>Howsam</u> could not be clearer: 'the presumption is that the arbitrator should decide allegation[s]

of waiver, delay, or a like defense to arbitrability." <u>Id.</u> at 1127 (O'Scannlain, J., dissenting)

(citing <u>Howsam</u>, 537 U.S. at 84); <u>see also</u> <u>Moses H. Cone Memorial Hosp. v. Mercury Constr.</u>

<u>Corp.</u>, 460 U.S. 1, 24-25, 103 S. Ct. 927 (1983) ("any doubts concerning the scope of arbitrable

issues should be resolved in favor of arbitration, whether the problem at hand is the construction

of the contract language itself or an allegation of waiver, delay, or a like defense to

arbitrability").

I will decide the waiver issue, as <u>Cox</u> appears to require.  The parties fully briefed waiver

previously in the motion to compel arbitration.  ARC contends that defendants waived their

rights by actively participating in the litigation before the court and filing answers without

asserting their right to arbitrate.

"A party seeking to prove waiver of a right to arbitrate must demonstrate (1) knowledge

of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3)

Page 3 - OPINION AND ORDER

prejudice to the party opposing arbitration resulting from such inconsistent acts." <u>Brown v.</u>
<u>Dillard's, Inc.,</u> 430 F.3d 1004, 1012 (9th Cir. 2005).

Defendants claim that they did not remember the arbitration provision in the 2002
Employee Handbook until the Handbook was produced in discovery.  Their attorney then swiftly
sought arbitration.  Even if I conclude that defendants had constructive knowledge of the right,
based on their signing for receipt of the Handbook, I do not believe that defendants acted
inconsistently with their right to arbitration.  ARC has aggressively litigated this case.  My
impression is that defendants are galloping to keep up.

ARC also argues that it is prejudiced by defendants' delay in seeking arbitration because
of defendants' alleged spoliation of evidence.  I am unpersuaded by ARC's contention that the
arbitrator cannot appropriately remedy the situation, if he concludes that the allegations are true.

In sum, I find that defendants did not waive their right to compel arbitration.

ARC also mentions unconscionable AAA rules as its second contract defense which I
should address.  ARC did not raise this defense in opposing the motion to compel arbitration.  I
will not allow the defense to be raised at this late date.

Plaintiff's Motion for Reconsideration (#73) is granted to the extent that I have
considered the arguments and made an additional ruling, but I still compel arbitration of ARC's
claims alleged against the individual defendants.

IT IS SO ORDERED.

Dated this _____/8th_____ day of September, 2008.

Garr M. King
United States District Judge