IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**CLYDE BERGEMANN, INC.,** dba:
ANTHONY-ROSS COMPANY, a Delaware
corporation,

                Plaintiff(s),

    vs.

**SULLIVAN, HIGGINS & BRION, PPE,
LLC,** an Alabama limited liability company;
**CLAY W. BRION, III,** an individual; and
**EUGENE SULLIVAN,** an individual,

                Defendant(s).

Civil Case No. 3:08-CV-00162-KI

OPINION AND ORDER

        Bruce A. Rubin, P.C.
        Elisa J. Dozono
        Miller Nash LLP
        3400 U.S. Bancorp Tower
        111 SW Fifth Avenue
        Portland, Oregon  97204-3699

              Attorneys for Plaintiff

Page 1 - OPINION AND ORDER

S. Ward Greene
Donald H. Grim
Greene & Markley, P.C.
1515 SW Fifth Avenue, Suite 600
Portland, Oregon  97201

     Attorney for Defendants

King, Judge:

Plaintiff Clyde Bergemann, Inc., d.b.a. Anthony-Ross Company ("ARC"), filed this action against three former high-level employees, Clay Brion, Daniel Higgins, and Eugene Sullivan (collectively, "individual defendants"), and Sullivan, Higgins & Brion, PPE LLC ("SHB"), the limited liability company the individual defendants formed to compete with ARC.  Based on an Arbitration Award, this court entered Judgment under Federal Rule of Civil Procedure 54(b) against the individual defendants.

ARC now moves for summary judgment [111] against SHB, seeking an order of judgment against SHB on the same terms as the Judgment the court entered against the individual defendants. Also before the court is SHB's Cross-Motion for Summary Judgment [138], seeking dismissal of ARC's claims and a determination that ARC is not entitled to a monetary award against SHB.  For the reasons that follow, I enter an injunction against SHB, but I decline to award ARC damages.

## BACKGROUND

On May 14, 2008, I granted defendants' motion to arbitrate the claims against the individual defendants, and I stayed the claims against SHB for resolution after the arbitration proceedings ended.  I also mooted ARC's motion to amend the complaint.

Page 2 - OPINION AND ORDER

On May 22, 2008, ARC filed a demand for arbitration with the American Arbitration Association. The demand was based on the First Amended Complaint which ARC sought to file in this court prior to my referral of some claims to arbitration.

The arbitrator held numerous hearings on preliminary and discovery matters. The arbitration took place for eight days in September and November 2009. Between the September and November settings, the arbitrator allowed ARC to amend its claim[1] to allege an additional claim for racketeering. The Amended Claim alleges the following claims: Breach of Contract (First Claim), Breach of Fiduciary Duty/Duty of Loyalty (Second Claim), Misappropriation of Trade Secrets (Third Claim), Computer Fraud and Abuse under 18 U.S.C. § 1030 (Fourth Claim), Injunctive Relief (Fifth Claim), Unjust Enrichment (Sixth Claim), Interference with Contract (Seventh Claim), Interference with Prospective Economic Advantage (Eighth Claim), Aiding and Abetting/Acting in Concert (Ninth Claim), and Racketeering (Tenth Claim).

On March 15, 2010, the arbitrator issued a Memorandum of Decision in which ARC prevailed on all claims alleged against the individual defendants except for the Fourth Claim for Computer Fraud and Abuse and the Tenth Claim for Racketeering. The arbitrator also sought additional input on some issues. On July 15, 2010, the arbitrator issued a Supplemental Memorandum of Decision and an Arbitration Award which awarded money damages and imposed an injunction.

On August 11, 2010, I entered Judgment against the individual defendants on the same terms as in the Arbitration Award.

---

[1] The word "claim" has two meanings in the procedural posture of this case. The written submission to the arbitrator stating the nature of the dispute is called a "claim." The "claim" is composed of one or more causes of action, each of which is also known as a "claim."

## LEGAL STANDARDS

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). The initial burden is on the moving party to point out the absence of any genuine dispute of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains a fact dispute to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the court "must view the evidence on summary judgment in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party." Nicholson v. Hyannis Air Serv., Inc., 580 F.3d 1116, 1122 n.1 (9th Cir. 2009) (internal quotation omitted).

## DISCUSSION

I.    Injunction

SHB stipulates that the injunction against the individual defendants is tantamount to an injunction against SHB, and that the court may enter the same injunction against the company. I will do so.

I also note that Defendants' Petition to Vacate or Correct the Arbitration Award [96] is pending before the court. After I enter Judgment against SHB, I will continue to address any particular issues with the injunction as they arise.

II.   Pleadings

The operative Complaint in this action is the original one filed on February 8, 2008. I did not grant plaintiff's motion to amend the complaint because I was sending some of the claims to arbitration. ARC used its proposed Amended Complaint as the first Claim in the arbitration

proceeding.  The arbitrator later allowed ARC to file an Amended Claim, and the arbitrator issued the Arbitration Award based on it.  Thus, the Amended Claim would be the basis of any preclusion.

The Amended Claim contains many references to respondents, a description which does not include SHB, instead of defendants, which does include SHB.  For example, in the Seventh Claim for Interference with Contract, the Amended Claim states many allegations about the conduct of the individual defendants and SHB but ends by stating, "As a result of respondents' misconduct, ARC is entitled to recover damages against them according to proof at trial."  Dozono Decl. Ex. 3, at 14. Because of the phrasing, I question whether some of the claims are alleged against SHB, and I do not agree with the chart ARC provides laying out the claims.  Mem. in Supp. of Pl.'s Mot. for Summ. J. at 8.  The analysis below makes it unnecessary for me to make a final decision about this, however.

III.    Preclusion

"Under the doctrine of res judicata [also known as claim preclusion], a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action."  Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 n.5, 99 S. Ct. 645 (1979). The parties here are not using preclusion as a defense to bar a suit.  Instead, they are using preclusion offensively to avoid relitigating an issue on which they both claim to be the prevailing party at arbitration.  The applicable legal doctrine is thus collateral estoppel, more recently known as issue preclusion.

It is appropriate for a court to apply offensive nonmutual issue preclusion only if:  "(1) there was a full and fair opportunity to litigate the identical issue in the prior action; (2) the issue was actually litigated in the prior action; (3) the issue was decided in a final judgment; and (4) the party

against whom issue preclusion is asserted was a party or in privity with a party to the prior action."
Syverson v. Int'l Bus. Mach. Corp., 472 F.3d 1072, 1078 (9th Cir. 2007) (internal citation omitted).

There is no dispute that the arbitration provided a full and fair opportunity to litigate all issues arising in the various claims, that the issues were actually litigated in the prior action, and that the Arbitration Award is a final judgment. SHB agrees that it is in privity with the individual defendants except for claims in which their interests are not identical or SHB has defenses which the individual defendants cannot raise.

I do not see the privity factor as barring the application of issue preclusion. SHB concedes the individual defendants are members of SHB and manage it. The parties are close enough to be in privity. See Tyler v. Horizon Project, Inc., 26 F. Supp. 2d 1250, 1255 (D. Or. 1998) ("Privity is essentially a conclusory term that describes the relationship between a party and a non-party that is deemed close enough to warrant the application of claim or issue preclusion to the non-party." (quoting Ditton v. Bowerman, 117 Or. App. 483, 486–87, 844 P.2d 919 (1992))).

The only issue here is the meaning of the arbitrator's conclusions.

As I noted above, the posture of the case has left the pleadings in a bit of disarray concerning which claims are alleged against which defendants. I agree with SHB that it does not owe a fiduciary duty to ARC, its competitor. Under Granewich v. Harding, 329 Or. 47, 56, 985 P.2d 788, 794 (Or. 1999), however, a party may be liable for breach of fiduciary duty by knowingly substantially assisting another's breach of fiduciary duty.

After reviewing all the arguments about particular claims, I conclude that the arbitrator's treatment of damages is the key to deciding whether to apply issue preclusion. In the Memorandum of Decision, the arbitrator stated:

Page 6 - OPINION AND ORDER

[ARC] should recover from Respondents, as follows: Mr. Brion: $145,438.83; Mr. Higgins: $162,787.81; and, Mr. Sullivan: $316,543.49 . . . . The amounts awarded reflect one-half of Respondents' compensation and benefits during the period they competed with Claimant, while still employed.

. . . .

. . . Would [ARC] have made a profit on the Jambi job and would it thereafter have gained other, profitable jobs based on this marketing example? I find that [ARC] fails to meet its burden of proof on these points, which is why damages are limited to return of a portion of salaries and benefits during the period of disloyal conduct.

. . . .

. . . It is this disloyalty, joined in by all three Respondents, that disqualifies them from at least some compensation for the period of their disloyal efforts.

. . . .

. . . [O]verall the question of disgorgement of compensation is a matter of equitable discretion. . . . As I have found based on the evidence, [ARC] does not meet its burden of proving lost profits. In my opinion, an award of damages, calculated on the return of a substantial portion of the value of compensation and benefits, is an appropriate remedy in the case presented on this record. On the other hand, I do not believe it is appropriate on this record to deprive them of the full value of their services.

Dozono Decl. Ex. 7, at 3, 4, 5.

The arbitrator returned to the damages issue in the Supplemental Memorandum of Decision:

I am awarding damages based on the concept of disgorgement of one-half of compensation during the period of actionable competition against the employer . . . . I have also determined to adhere to the provisional decision to enter separate awards, rather than joint and several awards. This is based on the concept that the awards are for disgorgement of (a portion) of separate compensation received. The result in this respect (on both numbers and on joint and several liability) might have been different if [ARC] had been able to show its lost profits on a theoretical Jambi contract or subsequent jobs, or if the profits (if any) of respondents had been shown with some reasonable level of accuracy.

Id. Ex. 8, at 2.

These quotes show the arbitrator concluded ARC failed to prove either the profits lost by ARC or the profits earned by SHB.  In light of ARC's successful proof that individual defendants breached their fiduciary duty, the arbitrator required the individual defendants to disgorge the compensation ARC paid them during the period of disloyalty; this was an equitable remedy.  The arbitrator then tempered this decision by only making the individual defendants disgorge half their compensation because they also performed valuable services for ARC during the period.  Finally, the arbitrator refused to make the individual defendants jointly and severally liable for each of the awards because the awards were a disgorgement of half the individuals' compensation.  The arbitrator expressly noted that he may have entered joint and several awards if ARC could have proven either ARC's lost profits or SHB's earned profits.

ARC's request for me to enter judgment against SHB on the same terms as against the individual defendants runs contrary to the arbitrator's analysis.  The entry of a judgment against SHB for the combined value of the awards against the individual defendants has the effect of a joint and several judgment, something the arbitrator expressly refused to do.  Moreover, the inequity of a combined judgment against SHB is worsened by the fact that ARC did not prove its lost profits or SHB's earned profits.

I further conclude that ARC is not entitled to have another opportunity to prove its lost profits or SHB's earned profits by allowing ARC to retry the issue in this court.  The issue of profits was fully litigated in the arbitration, and the proof would not be different here.  Accordingly, I grant summary judgment and find ARC is not entitled to entry of a monetary award against SHB.  I will, however, enter the injunction on the same terms as against the individual defendants.

## CONCLUSION

Plaintiff's Motion for Summary Judgment against Sullivan, Higgins & Brion PPE, LLC [111]

and Defendant SHB's Cross Motion for Summary Judgment [138] are granted in part.

IT IS SO ORDERED.

DATED this ____9th____ day of November, 2011.


                         /s/ Garr M. King_____

                         Garr M. King

                         United States District Judge