IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CLYDE BERGEMANN, INC.,** dba: ANTHONY-ROSS COMPANY, a Delaware corporation,<br><br>　　　　　Plaintiff(s),<br><br>　　vs.<br><br>**SULLIVAN, HIGGINS & BRION, PPE, LLC,** an Alabama limited liability company; **CLAY W. BRION, III,** an individual; and **EUGENE SULLIVAN,** an individual,<br><br>　　　　　Defendant(s). | Civil Case No. 3:08-CV-00162-KI<br><br>FRCP 54(b) JUDGMENT AGAINST DEFENDANT SULLIVAN, HIGGINS & BRION, PPE, LLC |

　　　　Bruce A. Rubin, P.C.
　　　　Elisa J. Dozono
　　　　Miller Nash LLP
　　　　3400 U.S. Bancorp Tower
　　　　111 SW Fifth Avenue
　　　　Portland, Oregon  97204-3699

　　　　　　Attorneys for Plaintiff

Page 1 - FRCP 54(b) Judgment Against Defendant Sullivan, Higgins & Brion PPE, LLC

S. Ward Greene
Donald H. Grim
Greene & Markley, P.C.
1515 SW Fifth Avenue, Suite 600
Portland, Oregon  97201

    Attorney for Defendants

King, Judge:

    IT IS ORDERED AND ADJUDGED:

1.    Plaintiff has judgment for the following injunctive relief against Sullivan, Higgins & Brion PPE, LLC:

    i.    Effective upon entry of this judgment, said defendant, "directly" or "indirectly," as those terms are defined below, is permanently enjoined from using any of plaintiff's trade secrets, proprietary information, and confidential information.

    ii.    For a period of 548 calendar days from August 11, 2010, the date of entry of Judgment against the individual defendants, the following injunctive relief applies to defendant Sullivan, Higgins & Brion PPE, LLC:

    (1)    It shall not engage in the business of bark boiler modification anywhere in the world, except that it may complete any binding written contractual obligations on the Jambi project and Perawang project that were identified as arbitration exhibits 164 and 208, and any binding written contractual obligations on the Fibria project and the Jari Celulose projects.

    (2)    If plaintiff so requests, Sullivan, Higgins & Brion PPE, LLC shall at the end of each 90-day period of the injunction described in this paragraph,

provide to plaintiff an independent audit by a mutually acceptable certified public accountant certifying that Sullivan, Higgins & Brion PPE, LLC has complied with the provisions in this paragraph of the judgment. Plaintiff shall pay the fees and expenses of the auditor; provided, however, that the court may reallocate this expense upon a showing of violation of the injunction. If the parties are unable to agree upon a mutually-acceptable auditor, the court will make the appointment.

2. The court awards plaintiff injunctive relief but plaintiff will recover no money damages from Sullivan, Higgins & Brion PPE, LLC.

3. Definitions. As used in this Judgment:

i. "bark boiler" means any boiler that is not a recovery boiler using black liquor as its fuel; that is, any bulk-fuel boiler including multifuel, biomass, hog fuel, coal, and stoker fired boilers and in general, any boiler that uses in whole or in part fuel that is a wood-based product.

ii. "indirect" and "indirectly" engaging in business means as an owner, employee, officer, director, independent contractor, consultant, joint venturer, partner, or member of any business.

iii. "engage in the business" means provide advice, identify potential customers, assist in or make oral or written proposals, work on completion of projects, propose or conduct tests, prepare drawings, sell or license intellectual property, or in general take any action that pertains to bark boilers.

4. Pursuant to Federal Rule of Civil Procedure 54(b) and it appearing to the court that there is no just reason for delay because the claims asserted against defendant Sullivan,

Higgins & Brion PPE, LLC have been fully adjudicated and plaintiff is entitled to immediate relief on the terms of this judgment, this judgment is expressly directed and determined to be final.

     5.    Plaintiff is the prevailing party entitled to costs and disbursements to be determined through the procedures in Local Rule 54-1 and Federal Rule of Civil Procedure 54.

     DATED this   9th   day of November, 2011.

                                           /s/ Garr M. King
                                           Garr M. King
                                           United States District Judge